UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20455-CIV-MORENO

JACK STREIB,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint (D.E. No. 4), filed on **May 3, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

### I. Background

This case arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680 ("FTCA"). Plaintiff allegedly fell on July 28, 2011 while in the care of the Veterans Administration hospital due to the negligence of a hospital employee who injured him while he was engaging in physical therapy.

Plaintiff filed his suit on **February 6, 2013**. Defendant's entire contention for its Motion to Dismiss is that Plaintiff's suit was filed too late and thus barred by the Statute of Limitations. Defendant presents evidence that the VA sent its final notice of denial of claim on **April 12, 2013**,

that the notice was delivered on **April 16, 2013**, and that the USPS returned a confirmation of Certified Mail Delivery on **April 23, 2012**. Plaintiff's Counsel argues that, while he did receive an envelope addressed to him on that date, the letter inside pertained to another attorney on another matter. In support of its Motion, Defendant has submitted the denial letter, the certified mail return card, and affidavits stating that the letter was properly addressed, put into the correct envelope, and mailed. In response, Plaintiff has submitted affidavits stating that, while the envelope was received, the denial letter was not in the envelope addressed to Defendant's Counsel.

## II. Legal Analysis

"The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity. *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.2 (11th Cir. 1999). The Federal Tort Claims Act constitutes a limited waiver of sovereign immunity. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). Statutes of limitations implicate the District Court's subject matter jurisdiction, and courts do not have the subject matter jurisdiction to hear a claim that is brought after the expiration of the relevant statute of limitations. *Compagnoni v. United States*, 173 F.3d at 1370 n.2. Waivers of sovereign immunity must be strictly construed, and ambiguities must be resolved in favor of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The 11th Circuit has not squarely held whether the whether the six-month clock for filing a Complaint begins upon mailing of a denial by the government agency, as stated in the statute, or upon receipt by the Plaintiff, and

this appears to be a matter of some minor confusion. *Compare Phillips v. United States*, 260 F.3d at 1317 ("[i]t is undisputed that under section 2401(b) . . . the lawsuit must be commenced within six months after the *receipt* of a final agency decision"[1]) (emphasis added) *with Hill v. United States*, 296 Fed.Appx. 921, 921 (11th Cir. 2008) ("the district court did not clearly err by finding that the final denial of claim letter was mailed on February 7, 2007"). Courts in the Southern District of Florida have generally begun counting from the date of mailing. *See, e.g., Williams v. Mueller*, 2012 WL 3764895 at *2 (S.D. Fla. 2012) (Moreno, J.) (dismissing claim filed more than six months after date of mailing as untimely); *Peluso v. United States*, 2011 WL 902624 at *2 (S.D. Fla. 2011) (Cohn, J.) ("The BOP denied Plaintiff's administrative claim on July 2, 2009, in a letter that was sent to Plaintiff by certified mail on July 7, 2009. . . Plaintiff therefore had six months from July 7, 2009 to bring his tort claims").

A case must be dismissed if the Court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. Rs. 12(b)(1), 12(h)(3). A party may challenge subject matter jurisdiction by either "facial" or "factual" attacks.

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may

---

[1] As Defendant correctly notes in its Reply Brief, this passage from *Phillips* is dicta. The *Phillips* decision concerned whether Georgia's renewal statute applied to a claim brought under the FTCA. *Phillips v. United States*, 260 F.3d at 1317. In *Phillips*, Plaintiff admittedly brought her claim after the expiration of six months, but argued that the Georgia renewal statute operated to extend her time for filing a claim. *Id.* at 1318 The 11th Circuit held that Georgia's renewal statute was not applicable to extend the FTCA limitations period. *Id.* at 1319.

consider extrinsic evidence such as testimony and affidavits.

*Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th. Cir. 2003). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (*citing Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). When subject matter jurisdiction is faced with factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

In the instant case, the Department of Veterans Affairs drafted a final notice of denial of claim on April 12, 2013. It sent a letter by certified mail to the Plaintiff on that date, and the letter was received on April 16, 2013. Plaintiff's entire argument against dismissal is that the letter in the envelope sent to Plaintiff's Counsel was not in fact the letter denying Plaintiff's claims, but an unrelated letter to an unrelated party that was accidentally put into the wrong envelope. Plaintiff rests the entire weight of its argument on the 11th Circuit's use of the word "received" in *Phillips* to determine when the clock begins running on the statute of limitations under §2401(b). Because Plaintiff never received the denial of claims, he argues, the clock never started. As such, Plaintiff filed his claim as being "deemed denied" under 28 U.S.C. § 2675(a).

Because this is a factual attack on subject matter jurisdiction, it is Plaintiff's burden to prove jurisdiction exists, not the Defendant's burden to prove that it does not. *OSI Inc. v. United States*, 285 F.3d at 951. To support its position, Plaintiff has provided the affidavit of its attorney and its attorney's secretary. It is undisputed that all correspondence from the VA to Plaintiff was sent to

-4-

Plaintiff's attorney. Defendant has also provided affidavits. It has an affidavit from Gary Slemmens who states he drafted the letter denying the claim and forwarded it to tort coordinator Dewey Johnson for final processing. Defendant provided Dewey Johnson's affidavit stating that he put the letter denying Plaintiff's claim into the envelope addressed to Plaintiff's attorney. The United States has also submitted a copy of the letter denying Streib's claim, a copy of certified mail receipt showing that the envelope was properly addressed, and a copy of the return showing that the envelope was delivered.

Importantly, Plaintiff has not provided even a redacted copy of the letter it supposedly received from the VA raising the possibility that a mistake was made. Rather, Plaintiff's attorney has stated "[t]his firm never reviews such matters, never reads the material nor makes a copy of same, but instead immediately puts the material in an envelope and forwards it to the proper recipient."

Plaintiff's entire argument seeks to turn the burden of establishing subject matter jurisdiction on its head. Under the rule Plaintiff espouses, the incentives for attorneys and parties who are less than diligent in managing their cases to blame the sender would increase dramatically. If Plaintiff's rule were in force, not only would the government have to prove that it drafted a denial letter, mailed it by certified mail, and that the mail was delivered, it would have to prove that the government employees who drafted the letters and put them in the envelopes are competent at their jobs and that the mailman is an upright citizen. Indeed, if "I didn't get the letter" were given the talismanic treatment Plaintiff wants, nothing short of a video documenting the letter's journey from government printer to claimant's hands would satisfy the government's burden. Plaintiff's argument is specious, and this Court cannot give it credence.

Finally, Plaintiff has cited two Fifth Circuit cases to support its position, *Martinez v. United*

*States*, 728 F.2d 694 (5th Cir. 1984) and *Flory v. United States*, 138 F.3d 157 (5th Cir. 1998). This Court first notes that, as these decisions came after the 5th Circuit split, they are not binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). However, to the extent that these cases are relevant, they actually harm Plaintiff's position. *Martinez*, in relevant part, concerned the language required for a letter from the government to give a plaintiff sufficient notice that its claim was being denied and the clock had started to run. *Martinez v. United States*, 728 F.2d at 698. In *Flory*, the 5th Circuit determined that actual notice was not sufficient to begin the limitations clock; rather the denial letter must be "sent" or "mailed" in accordance with the statute. *Flory v. United States*, 138 F.3d at 160. Nowhere does either of these cases address the burden of proof the government must show that it "mailed" the document nor the stringency with which courts should make the government prove that Plaintiff "received" the denial letter. Thus, these cases provide no support for Plaintiff's contentions.

### III. Conclusion

For the reasons stated above, this Court hereby GRANTS Defendant's Motion to Dismiss Complaint. The Complaint was filed after the six-month window available to a Plaintiff after she receives a final order of denial under the FTCA. Thus, this Court lacks subject matter jurisdiction over this case. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of August, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record